UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HELM, sui juris,

                Plaintiff,

-vs-                                      Case No.  2:10-cv-288-FtM-29SPC

CHARLIE LIEM, in his official capacity as Interim Secretary of Florida Department of Business & Professional Regulation, MAURA BOLIVAR, in her official capacity as Chief Attorney, SERGIO GONZALEZ, in his individual capacity as Regional Program Administrator, SANDRA GREEN, in her individual capacity as Investiator/Unlicenses Activity,

                Defendants.
_____

## ORDER

      This matter comes before the Court on the Plaintiff, Brian Helm's Motion to Compel   (Doc. #42) filed on September 17, 2010.  The Plaintiff moves the Court to compel the Defendant to serve him with all papers and motions as required by Fed. R. Civ. P. 5(a)(1)(D).  The Rule states in pertinent part: "Unless these rules provide otherwise, each of the following papers must be served on every party: . . . (D) a written motion, except one that may be heard *ex parte*. . ."  Fed. R. Civ. P. 5(a)(1)(D).  According to the Plaintiff's Motion, the Defendant's Motion was post marked on September 10, 2010, and he received the Motion on September 16, 2010.  Therefore, the Defendant complied with the Federal Rules.  Should the Plaintiff require more time to respond to a motion, he should move the Court for extra time in accordance with the Federal and Local Rules.

Regarding the Plaintiff's Motions, pursuant to M.D. Fla. Local Rule 3.01(g), the Plaintiff is required to confer with the opposing party's counsel, with the exception of dispositive motions, prior to filing any motion with the Court. The Local Rule further requires the Plaintiff to certify in each motion that he complied with Local Rule 3.01(g), and whether or not the opposing party's counsel agreed or opposed the motion. The Plaintiff failed to comply with the Local Rule in any of his Motions (Docs. # 42, 44, 45) currently pending before this Court. The Plaintiff is reminded that despite his *pro se* status, it is mandatory that he participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules. Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures). Failure to do so could result in sanctions or the denial of motions or requests for relief from the Court.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Brian Helm's Motion to Compel (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of September, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record