UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HELM, sui juris,

                Plaintiff,

-vs-                                          Case No.   2:10-cv-288-FtM-29SPC

CHARLIE LIEM, in his official capacity as Interim Secretary of Florida Department of Business & Professional Regulation, MAURA BOLIVAR, in her individual capacity as Chief Attorney, SERGIO GONZALEZ, in his individual capacity as Regional Program Administrator, SANDRA GREEN, in her individual capacity as Investigator/Unlicenses Activity,

                Defendants.
_____

## ORDER

      This matter comes before the Court on Plaintiffs' Motion for Leave to File Amended Pleading (Doc. #68) filed on February 1, 2011.  Also before the Court is Defendants Charlie Liem, Jerod Wilson, Maura Bolivar, Sergio Gonzalez, and Sandra Green's Second Motion for Protective Order and/or Motion for Extension of Time to Initiate Discovery (Doc. #69) filed on February 4, 2011.

      Plaintiff *pro se* Brian Helm moves to file a Second Amended Complaint in order to drop certain claims and identify the roll each Defendant played in the alleged violations.  The deadline for amending pleadings and adding parties agreed to in the Parties' Joint Case Management Report (Doc. #66) is February 14, 2011.

Under Rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The proper method to request leave to amend a complaint, pursuant to Fed. R. Civ. P. 7(b), is either to attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court will be able to assess the viability of proposed amendment. Satz v. Long, 181 F.3d 1275, 1279 (11th Cir. 1999). Plaintiff's proposed Amended Complaint was properly attached to his Motion.

Given that timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires, the Plaintiff's Motion to Amend is due to be granted.

With regard to Defendants' Motion for Protective Order, this Court previously denied Defendants' request for a protective order (Doc. #63), which requested that the Court stay discovery in this case pending a decision by the Court on Defendants' pending motion to dismiss. Defendants have presented no further justification to this Court in the instant Motion as to why a stay would be appropriate in this case. The Court has considered this issue and therefore Defendants' Motion is due to be denied. Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Leave to File Amended Pleading (Doc. #68) is **GRANTED**. The Clerk of Court is directed to file, under separate docket entry, the Second Amended Complaint attached to the instant Motion with the Court, along with the Complaint's exhibits.

Given that a Second Amended Complaint will be filed in this case, Defendants' Motion to Dismiss Amended Complaint (Doc. #51) is **DENIED as moot**.

Defendants Charlie Liem, Jerod Wilson, Maura Bolivar, Sergio Gonzalez, and Sandra Green's Second Motion for Protective Order and/or Motion for Extension of Time to Initiate Discovery (Doc. #69) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  7th  day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record