```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRIAN HELM, *sui juris*,

                      Plaintiff,

vs.                                  Case No.   2:10-cv-288-FtM-29SPC

CHARLIE LIEM, in his individual capacity as Chief of Staff, presently Secretary of the Florida Department of Business & Professional Regulation; MAURA BOLIVAR, in her individual capacity as Chief Attorney; SERGIO GONZALEZ, in his individual capacity as Regional Program Administrator; SANDRA GREEN, in her individual capacity as Investigator/Unlicensed Activity; APRIL SKILLING, in her individual capacity as Deputy General Counsel; NED LUCZYNSKI, in his individual capacity as General Counsel; JOHN WASHINGTON, in his individual capacity as Director of Regulations; THOMAS O'BRYANT, in his individual capacity as Director Division of Real Estate; RON RUSSO, in his individual capacity as Deputy Secretary for Professional Regulation; JENNIFER A. TSCHETTER, in her individual capacity as Assistant General Counsel; VELORIA A. KELLY, in her individual capacity as Executive Director, Florida Board of Accountancy; TIM VACCARO, in his individual capacity as Director of Professions; JERRY WILSON, in his individual capacity as Deputy Director and Director of the Division of Regulation

                      Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Charlie Liem (Liem), Sandra Green (Green), April Skilling (Skilling), Ned Luczynski (Luczynski), John Washington (Washington), Thomas O'Bryant (O'Bryant), Ron Russo (Russo), Jennifer A. Tschetter (Tschetter), Veloria A. Kelly (Kelly), Tim Vaccaro (Vaccaro), Jerry Wilson (Wilson), Maura Bolivar (Bolivar), and Sergio Gonzalez's (Gonzalez)(collectively, defendants), Motion to Dismiss Third Amended Complaint (Doc. #115) filed on September 6, 2011. Plaintiff Brian Helm (Helm or plaintiff) filed a memorandum in opposition on September 26, 2011. (Doc. #127.) For the reasons set forth below, the motion to dismiss is granted in part.

**I.**

Plaintiff's Third Amended Complaint (Doc. #88) is sixty-six (66) pages, with 277 numbered paragraphs. Attached to the Complaint are fifty (50) pages of Exhibits identified as Exhibits A-R. The facts, to the extent discernible, are taken from the Third Amended Complaint and attached exhibits[1], and are taken in the light most favorable to plaintiff.

Plaintiff entered into a contract with Cheryl and Bradman Brown ("the Browns") to perform construction work on their home as

---

[1] Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

a "laborer". On December 18, 2008[2], plaintiff made a verbal complaint to the Florida Department of Business and Professional Regulation (DPBR), asserting that Brown failed to report Helm's income to the Internal Revenue Service, honor his contract, and provide workman's compensation, and that Brown employed unlicensed contractors to finish the project. (Doc. #88,¶¶ 93-104.)

On or about January 27, 2009, Helm received a Notice to cease and desist from defendant Green, an investigator from the DBPR. The Notice indicated that Helm had contracted with the Browns to perform work for which he was not licensed, in violation of Florida Statutes § 455.228(1). It further advised Helm to obtain the appropriate licenses and certifications should he wish to continue. No action was taken against Brown who was "exempted . . . from prosecution." (Doc. #88, ¶ 111.)

At an undisclosed time, plaintiff contracted with Kathleen Jansen to perform repairs on her home. On December 16, 2009, Helm received another Notice to cease and desist from Larry Chatfield[3]

---

[2]At some points in his Complaint Helm states that he made the verbal complaint on December 18, 2009, and at other times he asserts that the verbal complaint was made on December 19, 2009. (Doc. #115, Compare ¶ 93 with ¶ 99.) According to the documentation attached to the Complaint, the verbal complaint was made on December 18, 2008. (Doc. #88-1, pp. 6-7.)

[3]While not a defendant in the instant action, Chatfield is a named defendant in Helm v. Liem et al., Case No. 2:10-cv-746. In that case, the claims are virtually identical to those presented here. The Court in Case No. 2:10-cv-746 stayed the proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971).

regarding the electrical work plaintiff performed on Jansen's home without a license in violation of Florida Statutes § 455.228(1). (Doc. #88-1, p. 25.)

On September 22, 2010, the DBPR filed an Administrative Complaint against Helm for engaging in unlicensed construction and unlicenced electrical contracting. (Doc. #88-1, p. 13.) However, Plaintiff did face criminal charges for contracting without a license and on June 7, 2011, a jury found plaintiff guilty of misdemeanor contracting without a license in the County Court of Lee County, Florida, State of Florida v. Helm, Case No. 10-MM-000952. He was placed on probation. Plaintiff has filed a Notice of Appeal in the state criminal case, which apparently remains pending.

It is undisputed that at all relevant times Helm was not licensed as a contractor, electrical contractor, or plumbing contractor. Plaintiff asserts that he was not required to obtain a license because he was working as a "laborer," and therefore the Notices to cease and desist were wrongly issued. Helm further asserts that the Notices were de facto orders that effectuated an unconstitutional deprivation of his liberty and property interests without affording him a remedy or due process.

Plaintiff further asserts that on August 12, 2008, prior to his work at issue in this case, defendants Liem, Skilling, Luczynski, Washington, O'Bryant, Russo, Tschetter, Kelly, Vaccaro,

and Bolivar[4] improperly and unconstitutionally amended the language of the form Notices to cease and desist used by the State of Florida in such a way as to effectuate an unconstitutional deprivation of property and liberty interests. (See generally Doc. #88, ¶¶144-191.)

Helm asserts claims under 42 U.S.C. § 1983 for the deprivation of his constitutional rights under the First, Fifth and Fourteenth Amendments, and prays for declaratory and injunctive relief along with monetary and punitive damages.  Defendants seek to dismiss the Third Amended Complaint for failure to comply with Fed. R. Civ. P. 8; for failure to state a claim pursuant to Rule 12(b)(6); and as barred by Eleventh Amendment Immunity and Qualified Immunity. Alternatively, defendants assert the Court should abstain pursuant to Younger v. Harris, 401 U.S. 37 (1971) and its progeny.  (See generally Doc. #115.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  "To survive dismissal, the complaint's

---

[4]Plaintiff refers to these defendants collectively as "The 10-Executive Collective & Legal Eagles."  If an attempt at humor, plaintiff has failed.  If an attempt at proper pleading, plaintiff has also failed.

allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)-has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.[5] Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**A. Shotgun Pleading**

Defendants seek to dismiss the Third Amended Complaint for failure to comply with Fed. R. Civ. P. 8. Pleadings filed by *pro se* parties are construed liberally. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). This "does not give a court license

---

[5]Plaintiff's recitation of the standard of review (Doc. #127, p. 16) is therefore incorrect.

to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)(citations omitted), overruled on other grounds, see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). The Third Amended Complaint is a shotgun pleading, as it is disjointed, repetitive, convoluted, and argumentative. Lampkin-Asam v. Vulusia Cnty. Sch. Bd., 261 F. App'x 274, 276 (11th Cir. 2008); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002). The Court declines to dismiss the Third Amended Complaint on this basis, however, because plaintiff will not be given another opportunity to amend and the thrust of his claims can be determined, although with effort.

**B. Eleventh Amendment**

Defendants argue that while plaintiff purports to assert claims against them in their individual capacity, the claims are actually official capacity claims which are barred by the Eleventh Amendment. The Court agrees for the most part.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Despite its language, it is clear that the Eleventh Amendment bars a suit against a state

brought by a citizen of that state. Hans v. Louisiana, 134 U.S. 1 (1890); Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity from suit in federal court applies not only to a State itself, but to an "arm of the State," Versiglio v. Bd. of Dental Exam'rs., 651 F.3d 1272, 1273 (11th Cir. 2011), and suits against a state officer in his or her official capacity, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Exceptions to Eleventh Amendment immunity exist if a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity, Ex parte Young, 209 U.S. 123 (1908); Frew v. Hawkins, 540 U.S. 431, 437 (2004); if the State waives its immunity and consents to the suit; or if Congress validly abrogates the State's Eleventh Amendment immunity. Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55-57 (1996).

The Third Amended Complaint sues officers and employees of the Florida DPBR, the Florida Office of the Attorney General, and the Florida Board of Accountancy. These agencies are created by the State of Florida and are "arms" of the State of Florida, and therefore within the protection of the Eleventh Amendment. If plaintiff had sued the defendants in their official capacities, it is clear that the suit would be treated as a suit against the entity of which the person was an agent. Penley v. Eslinger, 605

F.3d 843, 854-55 (11th Cir. 2010). Plaintiff sued defendants in their individual capacities, however, which does not normally implicate the Eleventh Amendment. The fundamental question is whether Eleventh Amendment immunity can apply in the circumstances of this case.

The Supreme Court has held that suing officials in their individual capacities does not do an end-run around the Eleventh Amendment where plaintiff's requested relief "implicates special sovereignty interests." Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 281 (1997). Here, plaintiff seeks damages for use of a State of Florida notice form and a permanent injunction against ever using that form again. This relief implicates the special sovereignty interests of the State of Florida, and will not be allowed except to the extent authorized by Ex parte Young. Young allows only a suit against the officials responsible for enforcing the law and only to the extent that prospective injunctive relief is sought. The only defendant named in the Complaint who is responsible for enforcing the licensing law is Liem, as the Secretary of the DBPR, and the Florida Attorney General, who has not been named as a defendant. Florida has not waived its Eleventh Amendment immunity nor consented to suit in federal court, and § 1983 did "not intend to override the immunity guaranteed to the states by the Eleventh Amendment." Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (citing Quern v.

Jordan, 440 U.S. 332, 341 (1979)). Accordingly, plaintiff's claims against defendants other than Liem are precluded by the Eleventh Amendment immunity. Further, to the extent that plaintiff seeks a remedy from Liem other than prospective injunctive relief, this relief is barred by the Eleventh Amendment.

**C. Qualified Immunity**

Alternatively, plaintiff's claims against the defendants in their individual capacities are precluded by qualified immunity. "[Q]ualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1305 (11th Cir. 2009) (internal citations and quotation omitted). Qualified immunity is intended to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Id. at 1194 (quotations and citations omitted). The qualified immunity principles are well established. The government official must first show that he or she was engaged in a "discretionary function" when the allegedly unlawful act was committed. If this is shown, the burden then shifts to the plaintiff to show that qualified immunity is not

appropriate. To do this, plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. Brown v. City of Huntsville, 608 F.3d 724, 733-34 (11th Cir. 2010); Mann, 588 F.3d at 1305; Corey Airport Servs. v. Decosta, 587 F.3d 1280, 1285 (11th Cir. 2009).

It is undisputed that all defendants were government officials carrying out their discretionary duties.[6] Therefore, the Court must grant qualified immunity unless the facts taken in the light most favorable to plaintiff show (1) that there was a violation of the Constitution and (2) that the illegality of defendants' actions was clearly established at the time of the incident. As the Eleventh Circuit recently summarized:

> The inquiry into whether a right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. The right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. We have said many times that if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant. In determining whether a right is clearly established, we look to the precedent of the Supreme Court of the United States, of this Court, and of the relevant state's highest court.

---

[6]For purposes of federal qualified immunity analysis, a defendant acts within his discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)(internal quotations omitted). The Third Amended Complaint alleges such actions.

Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012)(internal citations and punctuation omitted).

Here, plaintiff asserts that the notices issued effectuated an unconstitutional deprivation of his liberty and property interests without affording him a remedy or due process in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. These claims fail both prongs of the test.

**1. First Amendment Claim**

The First Amendment to the U.S. Constitution provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. I. The Supreme Court has long held that the First Amendment applies to the States through the Fourteenth Amendment. Members of City Council v. Taxpayers for Vincent, 466 U.S. 789, 792 n.2 (1984), citing Lovell v. Griffin, 303 U.S. 444, 450 (1938). The First Amendment includes the right of access to courts. Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). Helm has not met his burden of adequately alleging a First Amendment violation by any of the defendants. Plaintiff has not identified any cause of action he has been precluded from bringing by the defendants, as required by Christopher v. Harbury, 536 U.S. 403 (2002), or any conduct which has precluded his access

to a court generally.[7] Additionally, Florida law provides for judicial review of an actual cease and desist order by an administrative agency. See e.g., Kodsy v. Dept. of Financial Servs., 972 So. 2d 999 (Fla. Dist. Ct. App. 4th Dist. 2008).

### 2. Due Process Claims

Plaintiff asserts both substantive and procedural due process claims.[8] Specifically, plaintiff complains that the defendants' actions have deprived him of his fundamental right to work in his chosen profession, a substantive due process claim, and failed to provide a hearing to contest the issuance of the Notice to cease and desist, a procedural due process claim.

### a. Substantive Due Process

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate,

---

[7]For that reason, plaintiff's First Amendment claim is also subject to dismissal for failure to state a claim under Rule 12(b)(6).

[8]A procedural due process violation occurs when a state actor deprives a party of a constitutionally protected liberty or property interest through a constitutionally inadequate process. Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011). A process is constitutionally inadequate when a remedy for an unlawful deprivation is not available. See Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991). A substantive due process violation occurs when a state actor deprives a party of certain fundamental rights, regardless of the process used to effectuate that deprivation. Williams v. Att'y Gen. of Alabama, 378 F.3d 1232, 1235 (11th Cir. 2004).

20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)).  "[A]reas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" Id. (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring)).  Plaintiff merely alleges that he "has a legal constitutional right to contract and work as a [sic] expressed Laborer (unlicensed, uninsured) if honest and lawful."  (See Doc. #88, ¶49, 114, 141.) This is not a fundamental right, Mass. Bd. of Retirement v. Murgia, 427 U.S. 307, 313 (1976), even if an accurate statement of Florida law.  As such, plaintiff has not met his burden of demonstrating a constitutional violation, and all the defendants are entitled to qualified immunity on plaintiff's claims.

### B.  Procedural Due Process

As to plaintiff's procedural due process claim, Helm similarly has not met his burden of sufficiently alleging a constitutional violation.  Plaintiff continually asserts that he has not been provided "his day in court so that he may be vindicated or learn from his error . . ." (See e.g. Doc. #88, ¶56)(emphasis omitted). The record reflects, however, that plaintiff was afforded the opportunity to vindicate himself in his criminal trial.  He was

-14-

adjudicated guilty and his appeal appears to remain pending. Additionally, as noted above, plaintiff has a right of access to the state courts from an actual order to cease and desist. The Notices of which plaintiff complains, however, compelled him to take no particular action and did not constitute a seizure of either a property or a liberty interest. Accordingly, plaintiff has failed to demonstrate a procedural due process violation and therefore defendants are entitled to qualified immunity on this claim.[9]

**E. Negligence**

As a final mater, the Court notes that plaintiff makes general statements that the defendants acted negligently. (See, e.g., Doc. #88, ¶166.)  All of plaintiff's claims are brought pursuant to Section 1983 for alleged violations of Constitutional rights. Mere negligence, however, is insufficient to support a claim under Section 1983. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990), cert. denied, 496 U.S. 928 (1990).  To the extent that plaintiff intended to assert a state law claim for negligence, the Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(3).

Accordingly, it is now

**ORDERED:**

---

[9]For this reason, plaintiff's Due Process claim is also subject to dismissal under Rule 12(b)(6).

-15-

1.  Defendants' Motion to Dismiss Third Amended Complaint (Doc. #115) is **GRANTED,** and the Third Amended Complaint is **DISMISSED WITH PREJUDICE.**  The April 23, 2012, pretrial conference is **CANCELLED.**

2.  The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of April, 2012.

Copies:

Counsel of record

JOHN E. STEELE
United States District Judge